IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:25-CV-00091-KDB-DCK

| | |
|---|---|
| CALVIN ODOM, **Plaintiff,** v. EFROS GROUP, LLC; MDA LEASE, LLC; AND STEPHEN KINNEY, **Defendants.** | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Defendants MDA Lease, LLC, and Efros Group, LLC's Partial Motion to Dismiss (Doc. No. 9) Plaintiff's claims for negligent hiring and retention and for punitive damages. The Court has carefully considered this motion, to which Plaintiff has not responded, and for the reasons discussed below, the Court will **GRANT** the motion.

I. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30 (2012). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The Court, however, accepts all well-pled facts as true and draws all reasonable inferences in Plaintiff's favor.

*See Conner v. Cleveland Cty., N. Carolina*, No. 19-2012, 2022 WL 53977, at *1 (4th Cir. Jan. 5, 2022); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

In so doing, the Court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Pa. Nat'l Mut. Cas. Ins. Co. v. Beach Mart, Inc.*, 932 F.3d 268, 274 (4th Cir. 2019). Construing the facts in this manner, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Pledger v. Lynch*, 5 F.4th 511, 520 (4th Cir. 2021) (quoting *Ashcroft*, 556 U.S. at 678). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

When deciding a motion to dismiss, "a court considers the pleadings and any materials 'attached or incorporated into the complaint.'" *Fitzgerald Fruit Farms LLC v. Aseptia, Inc.*, 527 F. Supp. 3d 790, 796 (E.D.N.C. 2019) (quoting *E.I. du Pont de Nemours & Co.,* 637 F.3d at 448. The Court may also consider documents attached to a motion to dismiss when they are "integral and explicitly relied on in the Complaint," and where "plaintiffs do not challenge [the document's] authenticity." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606-7 (4th Cir. 2015).

## II. FACTS AND PROCEDURAL HISTORY

In June 2022, Plaintiff Calvin Odom alleges that while riding as a passenger in a vehicle, it was rear-ended by a tractor-trailer driven by Defendant Stephen Kinney. Doc. No. 1 at ¶ 8. Odom further alleges that Defendants MDA Lease, LLC ("MDA") and Efros Group, LLC ("Efros") employed Kinney as a tractor-trailer driver, and at the time of the accident, Kinney was operating a truck owned or leased by Defendants MDA and Efros. *Id.* at ¶¶ 3–4.

Odom claims the accident caused both "immense property damage" and severe physical injury. *Id.* at ¶¶ 8, 10. Odom alleges that his injuries include damage to his lumbar and cervical spine which have rendered him permanently disabled. *Id.* As a result, Odom has experienced pain and suffering, loss of enjoyment of life, impairment to his earning capacity, lost wages, and he has incurred medical bills for the treatment of his injuries. *Id.*

In June 2025, Odom filed the present matter, alleging Defendant Kinney was negligent in causing the accident, and Defendants MDA and Efros are liable for Kinney's negligence under the theory of respondeat superior. *Id.* at ¶ 9. Odom further alleges that Defendants MDA and Efros are liable for the negligent hiring, training, and retention of Defendant Kinney, and he seeks punitive damages. *Id.* at ¶¶ 9, 11–12. On August 11, 2025, Defendants MDA and Efros moved to partially dismiss Odom's claims. *See* Doc. No. 9. Plaintiff has failed to respond and the time to do so has expired. Accordingly, the motion is ripe for this Court's review.

### III. DISCUSSION

Defendants MDA and Efros seek to dismiss Odom's negligent hiring and punitive damages claims against them. To succeed on a claim for negligent hiring, supervision and retention under North Carolina law, a plaintiff must prove: (1) the specific negligent act on which the action is founded; (2) incompetency, by inherent unfitness or previous specific acts of negligence, from which incompetency may be inferred; (3) either actual notice to the master of such unfitness or bad habits, or constructive notice, by showing that the master could have known the facts had he used ordinary care in "oversight and supervision;" and (4) that the injury complained of resulted from the incompetency proved. *Scott v. Occuguides USA, LLC*, No. 522CV00023KDBDCK, 2023 WL 3874032, at *4 (W.D.N.C. June 7, 2023), *aff'd,* No. 23-1666, 2023 WL 7213788 (4th Cir.

Nov. 2, 2023) (first citing *Walters v. Lumber Co.*, 163 N.C. 536, 541, 80 S.E. 49, 51 (1913), and then citing *Smith v. Privette*, 128 N.C. App. 490, 494–95, 495 S.E.2d 395 (1998)).

While Odom has identified the specific act on which the claims are founded (the accident), he has failed to allege any reason that Kinney was "unfit" to drive a tractor-trailer. Moreover, Odom has not alleged any facts that suggest his injuries arose from or that MDA and Efros were aware of Kinney's "unfitness." Therefore, this claim must be dismissed.

In addition, although Odom seeks punitive damages from all Defendants, the only remaining claim against them is negligence. As relevant to Defendants MDA and Efros, the negligence claim is grounded in a theory of vicarious liability. However, "North Carolina does not permit punitive damages based on vicarious liability. Punitive damages may be awarded against a business enterprise only if 'the officers, directors, or managers of the corporation participated in or condoned the conduct constituting the aggravating factor giving rise to punitive damages.'" *Vandevender v. Blue Ridge of Raleigh, LLC*, 901 F.3d 231, 237 (4th Cir. 2018), *as amended* (Aug. 27, 2018), *amended,* 756 F. App'x. 230 (4th Cir. 2018) (quoting N.C. Gen. Stat. § 1D-15). Accordingly, the claim for punitive damages as to Defendants MDA and Efros must be dismissed.

## IV.   ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendants' Partial Motion to Dismiss (Doc. No. 9) is **GRANTED**; and
2. This case shall **proceed toward trial on the merits on the remaining claims** in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: October 9, 2025

Kenneth D. Bell
United States District Judge